**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Edward Otis ORR,**
**Defendant–Appellant.**

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Eugene Ellsworth ELKINS,**
**Defendant–Appellant.**

Nos. 90–5055, 90–5059.

United States Court of Appeals,
Fourth Circuit.

Argued March 7, 1991.

Decided May 3, 1991.

Stanford Kent Clontz, argued, Baley, Baley & Clontz, Asheville, N.C., for defendant-appellant Elkins.

Stephen Paul Lindsay, argued, Moore, Lindsay & True, Asheville, N.C., for defendant-appellant Orr.

Jerry Wayne Miller, Asst. U.S. Atty., argued (Thomas J. Ashcraft, U.S. Atty., on brief), Asheville, N.C., for plaintiff-appellee.

Before WIDENER and CHAPMAN, Circuit Judges, and MacKENZIE, Senior District Judge for the Eastern District of Virginia, sitting by designation.

WIDENER, Circuit Judge:

On October 23, 1987, defendant, Eugene Elkins, using a false name and false driver's license for identification, opened a checking account in the name of "Eugene Rogers" at the First Union National Bank in Weaverville, North Carolina.[1] The bank clerk has testified that in opening the account, Elkins was alone, that defendant Orr was not present. Elkins deposited $1,000 in the new account. In the next day or so, Elkins drew the account down to a negative balance.

Defendant Edward Orr is first identified as being a participant in this matter with Elkins on Saturday, October 31, 1987, when he assisted Orr in negotiating bad checks to unsuspecting merchants for sundry merchandise. Five of the fraudulent checks were negotiated on October 31 and one on November 1, 1987. The bank did not honor any of the checks, returning them all for insufficient funds.

In time, a six-count indictment was returned, each count being based upon a separate check, charging both Elkins and Orr in each count with "bank fraud" under 18 U.S.C. § 1344. The jury returned a verdict of guilty against Elkins on all counts, and a verdict of guilty against Orr on counts one, two and six. Orr was found not guilty on counts three, four and five.

The indictment proceeded on bank fraud charges under 18 U.S.C. § 1344 and aiding and abetting under 18 U.S.C. § 2. No conspiracy was charged.

The Bank Fraud Statute, 18 U.S.C. § 1344, was passed in October 1984 and as effective in October 1987, in pertinent part provided:

(a) Whoever knowingly executes, or attempts to execute, a scheme or artifice—

(1) to defraud a federally chartered or insured financial institution; or

(2) to obtain any of the moneys ... or other property owned by or under the custody or control of a federally chartered or insured financial institution by means of false or fraudulent pretenses, representations, or promises, shall be fined....

---

1. The record indicates that in October 1987 at the time these offenses were committed, Elkins was a fugitive on escape from federal custody on other charges. This may provide insight as to the use of the name "Rogers" in this case.

Restrictive court interpretations on the breadth of earlier statutes on mail fraud (18 U.S.C. § 1341) and wire fraud (18 U.S.C. § 1343) gave impetus to the passage of this bank fraud statute (18 U.S.C. § 1344).

Each of the charges in this case proceeds upon a separate check drawn upon the account of Eugene Rogers in the First Union National Bank. Each check was made payable to a named payee (never the bank) for goods purchased. None of the checks were accepted by the bank. Rather, all were returned unpaid to the payees by reason of insufficient funds in the Rogers account. The bank suffered no loss. The losers, of course, were the payees.

■■■■ We enter the case on the initial inquiry of whether 18 U.S.C. § 1344 was meant to establish a federal bad check law. Of course, such a law was not so intended, and the record of this case indicates that the government so agrees. Was it intended to be a basis for federal criminal prosecution if the bad check was drawn upon an account in a federally chartered bank? Again, the answer is in the negative. Lastly, the inquiry narrows down to whether federal prosecution is authorized in this case, the bad check being drawn on a bank account in the name of Eugene Rogers when in fact the account in that name was opened by Eugene Elkins? We think not.

Under 18 U.S.C. § 1344(1) and (2), the bank has not been defrauded. In *McNally v. United States*, 483 U.S. 350, 358, 107 S.Ct. 2875, 2880, 97 L.Ed.2d 292 (1986), the Court wrote, "[a]s the Court long ago stated, ... the words ... 'to defraud' commonly refer 'to wronging one in his property rights by dishonest methods or schemes' and usually signify the deprivation of something of value by trick, deceit, chicane or overreaching, *Hammerschmidt v. United States*, 265 U.S. 182, 188, 44 S.Ct. 511, 512, 68 L.Ed. 968 (1924)." As a matter of fact, the bank has suffered no loss at all. No evidence has been produced to show that the use of the name "Rogers" as op-

posed to "Elkins" was done with intent to defraud the bank. The initial deposit was $1,000 in cash. The account was, albeit for a short time, an active account, traded upon in proper fashion until its funds ran out. Whether the account was in the name of Rogers, or Elkins, was not of significance to the giving of checks payable to certain payees and the return of such checks for reasons of insufficient funds.

Here is presented a simple bad check case for criminal prosecution in the proper state court to the extent state law allows.[2] The opening of the checking account in the name of Eugene Rogers using false identification is of no moment to the return of the checks for insufficient funds. Nor of moment is the criminal activity which might be generated by these overdrafts. Of course, emergence of Eugene Elkins as the person opening the account would certainly tag him as responsible, criminally and otherwise, for repercussions attendant to that account.

We find it is, however, an area of "fraudulent checking activities already ... addressed in comprehensive fashion by state law." *Williams v. United States*, 458 U.S. 279, 287, 102 S.Ct. 3088, 3093, 73 L.Ed.2d 767 (1982). As stated in *United States v. Blackmon*, 839 F.2d 900, 905 (2d Cir.1988), the legislative history of 18 U.S.C. § 1344 "makes it abundantly clear that Congress did not intend the bank fraud statute to cover ordinary state law offenses, where, as here, the fraud victim was not a federally insured bank."

The convictions are accordingly vacated and the cases are remanded to the district court with directions to dismiss the indictment.

**VACATED AND REMANDED.**

---

**2.** The record indicates that Edward Orr was indeed indicted in the state court over some of the same checks involved here. The record is silent as to whether a like state indictment was returned against Eugene Elkins.