**UNITED STATES of America, Plaintiff,**

v.

**Lawrence D. NORTON, Defendant.**

**No. 95 CR 583.**

United States District Court,
N.D. Illinois,
Eastern Division.

Dec. 5, 1995.

Ralph Everett Brown, Michael F. Braun, Schuyler, Roche & Zwirner, Chicago, IL, for defendant.

Cheryl A. Bell, United States Attorney's Office, Chicago, IL, for U.S.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

■ The defendant, Lawrence Norton, has filed a motion to dismiss the indictment against him, arguing that it fails to state an offense under 18 U.S.C. § 1344. The United States does not argue that the indictment alleges actionable conduct under 18 U.S.C. § 1344(2) but contends that it sufficiently charges an offense under 18 U.S.C. § 1344(1). Section 1344 is to be broadly construed. *United States v. Hammen,* 977 F.2d 379, 383 (7th Cir.1992). To convict under subsection (1), it is necessary to prove a "recognizable scheme formed with the intent to defraud a financial institution." *United States v. LeDonne,* 21 F.3d 1418, 1425 (7th Cir.1994), *cert. denied sub nom. LeDonne v. United States,* — U.S. ——, 115 S.Ct. 584, 130 L.Ed.2d 498 (1994). A scheme to defraud " 'demonstrate[s] a departure from fundamental honesty, moral uprightness, or fair play and candid dealings in the general life of the community.' " *United States v. Hammen, supra,* 977 F.2d at 383, quoting from *United States v. Goldblatt,* 813 F.2d 619, 624 (3d Cir.1987).

■ The indictment states that the defendant schemed to defraud LaSalle National Bank ("LaSalle" or the "Bank") by writing checks payable to himself from his LaSalle account knowing that he had insufficient funds to pay the amount of the checks. After the defendant deposited a check into an ATM machine owned by First American Bank, his LaSalle account reflected the amount of the deposit even though the check would not arrive at LaSalle for payment for several days. To conceal from LaSalle that he was overdrawing his account, the defendant continuously deposited checks (not supported by adequate funds) drawn on his La-Salle account into the ATM machine.

The defendant agrees that check-kiting schemes involving accounts at two banks have been held to violate § 1344(1). *See Williams v. United States,* 458 U.S. 279, 102 S.Ct. 3088, 73 L.Ed.2d 767 (1982); *United States v. Doherty,* 969 F.2d 425, 428 (7th Cir.1992), *cert. denied sub nom. Doherty v.*

*United States,* 506 U.S. 1002, 113 S.Ct. 607, 121 L.Ed.2d 542 (1992). The defendant emphasizes that the *Williams* Court noted that when the check-kiter deposits a check drawn on Bank A into Bank B, the check is not supported by sufficient funds at Bank A; however, because Bank B is unaware of this fact, it gives the check-kiter immediate credit on his account at Bank B. *Id.*

The defendant argues that he cannot be convicted of defrauding the Bank as the Bank "was on notice" when it accepted his checks because its records indicated the defendant was writing checks to himself from an account that had insufficient funds to pay the checks. The indictment reads differently: it alleges that by consistently depositing worthless checks into his LaSalle account, "defendant caused the records of LaSalle to falsely reflect that he had a credit in his account that was sufficient to cover the amount of the previously deposited check." Indictment ¶ 4, p. 2. Thus, the indictment implies that LaSalle Bank was not aware that the defendant's account contained insufficient funds to support his checks and, therefore, this case resembles *Williams.* The defendant cites no cases indicating that even if LaSalle was not actually aware that his account was overdrawn, it should be charged with knowledge and such knowledge would prevent him from being indicted for violating § 1344.

The defendant's argument is further flawed because the aim of the statute is "to punish the scheme to defraud...." *United States v. LeDonne, supra,* 21 F.3d at 1426 (citations omitted). Accordingly, "[w]hat is relevant is whether the defendant 'knowingly execute[d], or attempt[ed] to execute, a scheme or artifice ...' to defraud the bank...." *United States v. Allender,* 62 F.3d 909, 915 (7th Cir.1995).

I agree with the United States that the label attached to the defendant's conduct is not determinative. *See* Response Memo., p. 5 n. 2. If the government's allegations are true, the defendant's goal apparently was identical to that of an individual using a check-kiting scheme involving accounts at different banks. Just as a check-kiter, the defendant acquired "an interest-free loan for an extended period of time ... [by taking] advantage of the several-day period required for the transmittal, processing, and payment of checks...." *Id.* The indictment states that the defendant manipulated his account at LaSalle so that it would appear that the account contained more funds that it actually did. Thus, the defendant devised a "plan ... to separate the bank from its money by tricking it into inflating bank balances and honoring checks drawn against accounts with insufficient funds." *United States v. Doherty, supra,* 969 F.2d at 428 (citing *Williams v. United States, supra,* 458 U.S. at 281 n. 1, 102 S.Ct. at 3089 n. 1).

Finally, *United States v. Orr,* 932 F.2d 330 (4th Cir.1991), is distinguishable from the instant case. In *Orr,* the defendant opened a checking account using a false name and then proceeded to draw the account down to a negative balance and write five bad checks to merchants for various items. *Id.* at 331. The bank did not honor the checks and therefore suffered no loss. The court concluded that § 1344 was not a general "bad check law." *Id.* at 332. In that case, however, the defendant did not artificially inflate his account balance.

In conclusion, the indictment in this case sufficiently alleges a scheme to defraud under 18 U.S.C. § 1344(1). Defendant's motion to dismiss is therefore denied.