72 F.3d 128
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert George HORTON, Defendant-Appellant.
 No. 95-5445.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 21, 1995.
Decided: Dec. 19, 1995.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. N. Carlton Tilley, Jr., District Judge. (CR-94-289)
 William E. Martin, Federal Public Defender, John Stuart Bruce, Deputy Federal Public Defender, Greensboro, NC, for Appellant. Walter C. Holton, Jr., United States Attorney, Clifton T. Barrett, Assistant United States Attorney, Greensboro, NC, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before HAMILTON and MOTZ, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Robert George Horton pled guilty to three counts of bank fraud, 18 U.S.C.A. Sec. 1344 (West Supp.1995). He was sentenced to a term of four months imprisonment and a five-year term of supervised release with a condition requiring four months of community confinement. United States Sentencing Commission, Guidelines Manual, Sec. 5C1.1(d) & comment. (n.4) (Nov.1994). Horton appeals this sentence, contending that the district erred in determining his criminal history category. Finding no error, we affirm.
 
 
 2
 Horton's instant bank fraud offense consisted of a check kiting scheme whereby he and his wife opened commercial accounts at three banks and then for several months wrote valueless checks on the various accounts and deposited them in the other accounts. Horton had also been sentenced in state court for writing worthless checks in 1991, 1992, and 1993 (eighteen counts in all). Three of these sentences required Horton simply to pay the amount of the checks and costs. In calculating Horton's criminal history, the probation officer added one criminal history point for each of these sentences.
 
 
 3
 Prior convictions for insufficient funds checks are counted only if the defendant was sentenced to at least one year of probation or thirty days imprisonment or if the prior offense was similar to the instant offense. USSG Sec. 4A1.2(c)(1). Horton argues that his worthless check offenses were not similar to the instant bank fraud offense.* Because the district court's determination that the offenses were similar presents a legal issue involving interpretation of the guideline, we review it de novo. United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir.1989).
 
 
 4
 As support for his argument that the offenses were dissimilar, Horton cites two Fourth Circuit decisions which hold, respectively, that writing bad checks is not an offense which can be prosecuted under the federal bank fraud statute, 18 U.S.C.A. Sec. 1344, United States v. Orr, 932 F.2d 330, 332 (4th Cir.1991), and that check kiting may constitute a scheme to defraud in violation of Sec. 1344(1). United States v. Celesia, 945 F.2d 756, 759 (4th Cir.1991).
 
 
 5
 However, offenses which involve nearly identical conduct may be similar under Sec. 4A1.2(c)(1) even though the elements, penalties, and degrees of culpability are different. United States v. Moore, 997 F.2d 30, 35 (5th Cir.1993) (prior evading arrest conviction and instant offense of assaulting federal officer similar because both involved flight from justice), cert. denied, 62 U.S.L.W. 3409 (U.S. Dec. 13, 1993) (No. 93-6681). As the district court found, Horton's practice of regularly writing bad checks at grocery stores was nearly identical to his conduct in the instant offense of depositing bad checks in accounts at different banks. In both offenses, he gained a personal benefit from money he did not have through intentional misuse of checks. We agree with the district court that the offenses were sufficiently similar to make the prior worthless check convictions countable in Horton's criminal history.
 
 
 6
 The sentence imposed by the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Horton did not dispute the criminal history point added for his fourth worthless check sentence of 6 months suspended and 2 years probation